# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 4:17-cv-00087 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| MELISSA CHAPMAN f/k/a | : | |
| MELISSA D. LEE, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### May 9, 2017

## **FINDINGS**:

1.  On On January 16, 2017, Plaintiff, the United States of America, filed its Complaint in this action against the Defendant, Melissa Chapman f/k/a Melissa D. Lee, ECF No. 1;

2.  On January 23, 2017, the Defendant formally waived service of process in accordance with Federal Rule of Civil Procedure 4(d), ECF No. 4;

3.      On her waiver, Ms. Chapman indicated that she was not presently serving in the military of the United States and that she currently resides at 16038 Berwick Turnpike, Gillett, PA 16925. <u>Id.</u>;

4.      The Defendant has failed to timely answer Plaintiff's Complaint;

5.      On March 28, 2017, the Clerk of Court entered Default as to the Defendant, ECF No. 9;

6.      On March 28, 2017, Plaintiff moved for entry of Default Judgment as to the claims advanced in its Complaint against the Defendant, ECF No. 6;

7.      The Defendant has failed to respond to Plaintiff's Motion for Default Judgment within the time period set forth in the Local Rules;

8.      The Defendant has failed to make an appearance in this action. <u>See Rogers v. Hartford Life & Acc. Ins. Co.</u>, 167 F.3d 933, 938 (5th Cir. 1999) ("Thus, like accepting formal service of process, executing a waiver of service of process does not constitute an appearance for purposes of Rule 55(b)(2).");

9. Plaintiff's claim is for $60,962.65 plus interest accruing upon the unpaid balance from August 27, 2016 at the daily rate of $7.46 due on a April 3, 1995 loan from the United States Department of Agriculture in the principal amount of $38,890.00, ECF No. 1 at 1–2;

10. Accordingly, Plaintiff's claim "is for a sum certain or a sum that can be made certain by computation" as contemplated by Federal Rule of Civil Procedure 55(b)(1).

11. On April 14, 2017, this Court issued a Notice and Order to Show Cause, ECF No. 10, directing as follows:

> **IT IS HEREBY ORDERED** that the Defendant, within twenty-one (21) days of this Notice and Order to Show Cause and no later than May 5, 2017 at 5:00 p.m., shall **SHOW CAUSE** as to why this Court should not grant Plaintiff's Motion for Default Judgment. In the event that the Defendant fails to show cause, the Defendant is **NOTICED** that this Court will grant Plaintiff's Motion for Default Judgment in full and will immediately award Plaintiff the entirety of the relief it seeks.

12. In that same Order, I directed the Clerk of Court to mail a copy of the same to the Defendant at the following address of record:

> Melissa D. Chapman
> 16038 Berwick Turnpike
> Gillett, PA 16925

13. The Clerk mailed a copy of the Notice and Order to Show Cause as directed;

14. As of today's date, no response has been received from the Defendant.

**CONCLUSION:**

The Plaintiff, the **UNITED STATES OF AMERICA**, is entitled to the entry of default judgment, the Defendant, **MELISSA CHAPMAN f/k/a MELISSA D. LEE**, having failed to show cause and having been noticed that this Court will grant Plaintiff's Motion for Default Judgment in full and will immediately award Plaintiff the entirety of the relief it seeks in the event of such failure. Accordingly, Plaintiff's Motion for Default Judgment, ECF No. 6, is **GRANTED**.

An appropriate Order shall issue.

BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge